**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHICAGO INVESTMENTS, LLC | ) | Case No. 10-23809 |
| PF GROUP, LLC | ) | Case No. 10-23810 |
| PF BOST LLC | ) | Case No. 10-23811 |
| PF CHEL LLC | ) | Case No. 10-23812 |
| PF MALD LLC | ) | Case No. 10-23813 |
| PF MATT LLC | ) | Case No. 10-23814 |
| PF PORT LLC | ) | Case No. 10-23815 |
| PF WOBU LLC | ) | Case No. 10- 23816 |
| | ) | |
| **Debtors** | ) | |

**DEBTORS' MOTION FOR ORDER PURSUANT TO RULE 1015(b)**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**<u>DIRECTING JOINT ADMINISTRATION OF CASES</u>**

Chicago Investments, LLC, and its affiliated debtors and debtors- in -possession in the above-captioned cases, PF Group, LLC, PF Bost LLC, PF Camb LLC, PF Chel LLC, PF Mald LLC, PF Matt LLC, PF Port LLC and PF Wobu LLC (collectively the "Debtors"), by and through their proposed undersigned counsel, file this motion (the "Motion") for entry of order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court in the District of Massachusetts (the "Local Rules") directing joint administration of the Debtors' cases for procedural purposes only. In support of this Motion, the Debtors respectfully represent as follows:

1

## JURISDICTION

1. This Court has jurisdiction to hear the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015 and Local Rule 1015-1 authorize the relief requested in this Motion.

## GENERAL BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtors each commenced with this Court voluntary cases under Chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of Title 11 of the United States Code (the "Bankruptcy Code").

3. No request for appointment of a Chapter 11 trustee or examiner has been made and, as of the date hereof, no official committee of creditors has been appointed.

4. The business addresses for Chicago Investments, LLC, PF Group LLC, PF Bost LLC, PF Camb LLC, PF Chel LLC, PF Mald LLC, PF Matt LLC, PF Port LLC and PF Wobu LLC are care of Maryanne Lewis, Manager, 70 Abbott Road, Dedham, Massachusetts, 02026.

5. The Debtors' primary business is the operation of health clubs which operate as independent franchises of Pla-Fit Franchise, LLC.

6. The Debtors each have a federal tax identification number however, PF Group LLC files Partnership Tax Return, with associated K-1 Schedules consolidating the multiple health club operations.

7. The Debtors books and records reflect the individual entities assets and liabilities through its entities, each entity has separate and segregated bank accounts but for

2

which, there are consolidated Balance Sheets and Income Statements for purposes of reporting.

### RELIEF REQUESTED

8. By this Motion, each of the Debtors move for the joint administration, for procedural purposes only, of their respective cases contemporaneous with the filing of their voluntary petitions. The Debtors submit that joint administration, for procedural purposes only, is in the best interest of each of the Debtors' estates and will ease the administrative burden on their creditors, this Court and other interested parties.

9. Rule 1015(b) of the Bankruptcy Rules provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the Court may order a joint administration of the cases. The Debtors in these cases include the Chicago Investments, LLC and its wholly owned subsidiaries, PF Group, LLC, PF Bost LLC, PF Chel LLC, PF Mald LLC, PF Matt LLC, PF Port LLC and PF Wobu LLC. Pursuant to the definition of "affiliate" in §101(2) of the Bankruptcy Code, as used in Bankruptcy Rule 1015(b), the Debtors are affiliates. Accordingly, the joint administration, for procedural purposes only, of the Debtors' Chapter 11 cases is appropriate under Bankruptcy Rule 1015(b).

10. Moreover, the Debtors' financial affairs and business operations are related, and joint administration will ease the administrative burden on the Court and all parties in interest. Additionally, many of the motions, hearings, and orders in the Debtors' Chapter 11 cases will affect each Debtor and its estate. Joint administration will reduce the fees and costs and avoid the need for filing duplicative documents in the Debtors' various cases.

11. In order to optimally and economically administer the Debtors' pending Chapter 11 cases, the Debtors' cases should be jointly administered, for procedural purposes only, under the case number assigned to Chicago Investments, LLC. The Debtors propose to utilize Chicago Investments, LLC as the lead case because it is recognizable to the vast majority of the Debtors' creditors and other parties-in-interest and is the direct corporate parent of PF Group, LLC, PF Bost LLC,, PF Chel LLC, PF Mald LLC, PF Matt LLC, PF Port LLC and PF Wobu LLC.

12. Joint administration, for procedural purposes only, will not adversely affect the rights of the creditors of each of the respective Debtors because this Motion only requests the administrative consolidation of the Debtors' estates. The Debtors are not seeking substantive consolidation at this time. Any creditor may still file a claim against a particular Debtor and its estate, or both Debtors and their respective estates. Thus, joint administration will enhance the rights of all creditors by enabling the Clerk of the Court to utilize a single docket and combine notices to creditors of the Debtors' respective estates and other parties in interest, without impacting such parties' substantive rights.

13. Joint administration will also enable participants in these cases to more easily apprise the various parties in interest of the matters before the Court in all of the Debtors' Chapter 11 cases. Further, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files and will simplify the Office of the United States trustee's (the "U.S. trustee") supervision and administrative aspects of the Debtors' Chapter 11 cases. For these reasons, joint administration of the Debtors' Chapter 11 cases, for procedural purposes only, will best serve the interests of the Debtors, their creditors, and other parties-in-interest.

14. The Debtors request that the Court modify the caption of the Debtors' chapter 11 cases to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

| | |
|---|---|
| CHICAGO INVESTMENTS, LLC | Case No. 10-23809 |
| Et al | |
| | Chapter 11 |
| | (Jointly Administered) |
| Debtors | |

15. The Debtors further request that the Clerk of the Court enter a docket entry in each of the above-captioned cases substantially as follows:

"An Order has been entered in this case under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Chapter 11 Cases of Chicago Investments, LLC, PF Group, LLC, PF Bost LLC, PF Chel LLC, PF Mald LLC, PF Matt LLC, PF Port LLC and PF Wobu LLC. The docket

4

of Chicago Investments, LLC, Case No. 10-23809 should be consulted for all matters affecting this Chapter 11 case."

16. Finally, the Debtors seek authority to file monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis for all of the Chicago Investments, LLC's affiliated entities, whether debtor or non-debtor, if the Debtors determine, after consulting with the U.S. Trustee, that consolidated reports would (i) increase administrative economy and efficiency in the Debtors' Chapter 11 cases without prejudice to any party-in interest, and (ii) accurately reflect the Debtors' business operations and financial affairs.

## NOTICE

17. No trustee, examiner, or statutory committee has been appointed in these Chapter 11 cases. The Debtors will serve notice of this Motion on: (i) the Office of the United States Trustee; (ii) creditors listed on the consolidated list of twenty (20) largest unsecured creditors; and (iii) Debtors' prepetition secured lenders. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, each of the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto, granting the relief requested in the Motion and such further relief as is just and proper.

        By their attorney
        Chicago Investments, LLC
        PF Group, LLC, PF Bost LLC,
        PF Camb LLC, PF Chel LLC,
        PF Mald LLC, PF Matt LLC,
        PF Port LLC   and PF Wobu LLC

        /s/ Nina M. Parker
        Nina M. Parker (BBO #389990)
        nparker@ninaparker.com
        Jenny L. Yandell (BBO # 658322)
        jyandell@ninaparker.com
        Parker & Associates
        10 Converse Place
        Winchester, MA 01890
        (781)729-0005